**REYNOLDS & HORN, P.C.**
750 Route 73 South, Suite 202 A
Marlton, New Jersey  08053
(856) 988-7955
Steven M. Horn, Esquire
Attorney for Plaintiff, Estate of Bernice Goldberg by the Administrator Gary Goldberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ESTATE OF BERNICE GOLDBERG, by THE ADMINISTRATOR GARY GOLDBERG | : |
| | : |
| Plaintiffs, | : Case No. |
| vs. | : COMPLAINT AND JURY DEMAND |
| PHILIP MINOITYN, M.D., JAY SELLERS, M.D., JOHN DOES 1-10,  JANE DOES 1-10, And CORPORATE DOES 1-10, | : |
| Defendants. | : |

**STATEMENT OF CLAIM**

The Estate of Bernice Goldberg, Plaintiff herein, hereby files this claim against the Defendant's,  Philip Nimoityn M.D. and Jay Sellers, M.D., John Does 1-10, Janes does 1-10, and Corporate Does 1-10, support there of states as follows:

**FACTS**

1. The decedent, Bernice Goldberg was a resident of New Jersey, residing at 59 B Edinburg Lane, Manchester, New Jersey.

2. The Defendant Philip Nimoityn, M.D. is a physician licensed to practice medicine in the State of Pennsylvania and regularly engages in the practice of medicine in Philadelphia, Pennsylvania.

1

3. The Defendant Philip Nimoityn is part of a group practice located at 818 Chestnut Street, Philadelphia, Pennsylvania.

4. The amount of this claim exceeds the jurisdiction limit of the District Court of New Jersey (i.e. $75,000) and the appropriate venue for this claim is Camden, New Jersey based upon Diversity Jurisdiction.

5. On or about August 12, 2013 through August 24, 2013, Defendant provided medical services to the decedent during a hospitalization at Thomas Jefferson University Hospital.

6. During this Hospital admission, Defendant Philip Nimoityn was acting as agent/employee of Thomas Jefferson University Hospital and was providing medical services to the Decedent within the scope of that agency/employment.

7. During this admission Defendant was the attending physician responsible for the care and treatment of the Decedent and her nutritional status.

8. The Decedent was determined to be unable to make decisions regarding her treatment and the son of the Decedent, Gary Goldberg, had power of attorney to make medical decisions for his mother. Defendant negligently delayed the delemination that the decedent did not have the mental capacity to make medical decisions and this delay was a proximate cause of the pain and suffering and demise of the decedent.

9. On August 16, 2011 at 7:58pm, Gary Goldberg consented to the placement of a PEG tube in his mother for the purpose of providing nutrition to the Decedent.

10. During this admission Defendant Philip Nimoityn had a duty to make sure treatment was instituted specifically regarding the placement of a PEG tube and the PEG was not placed. Decedent's condition was exacerbated by lack of nutrition which led to her demise.

11. Defendant Philip Nimoityn owed a duty to Decedent to provide medical care and to make sure medical care needed was instituted within acceptable standards of care within the medical community and Defendant breached this standard of care because the PEG tube was not placed and the Decedent died.

12. As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Philip Nimoityn , the Decedent: suffered conscious pain and suffering and died.

13. The injuries and damages sustained were the direct and proximate result of the negligent actions of Defendant without any act or omission on the part of the decedent and the decedent did not assume the risk nof her injuries.

14. The Defendant Jay Sellers, M.D. is a physician licensed to practice medicine in the State of Pennsylvania and regularly engages in the practice of medicine in Philadelphia, Pennsylvania.

15. Defendant Jay Sellers M.D. did intentional and maliciously withhold from the decedent food and water and stated to the beneficiaries that decedent would not be given any food or water because it was dtermined that she was going to die anyway. This conduct not only is a devaition from the standard of care and a proximate cause of death, it is egregious and plaintiff hereby sets forth a claim forpunitive damages and believes that defendant was motivated by religious discrimination which violates the United States Constitution.

## COUNT I

1. The decedents re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-13 above.

2. The Defendants deviated from the acceptable standard of medical care and these deviations were the proximate cause of the decedent's pain and suffering and demise.

3

Wherefore, plaintiff claims damages against defendants, individually in an amount to be determined at trial, plus costs, and for any relief that this Honorable Court determines necessary and appropriate. The decedent's beneficiaries sustained severe emotional injuries and seek damages pursuant to Portee v. Jaffee as a result of the negligence of the defendants. Defendant Philip Nimiotyn, M.D. actions were grossly negligent and intentional wherefore plaintiff claims punitive damages.

## COUNT II

1. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-15 above.

2. The defendants were acting within the scope of there employment and agency with Thomas Jefferson University Hospital.

Wherefore, plaintiff claims damages against defendants, individually in an amount to be determined at trial, plus costs, and for any relief that this Honorable Court determines necessary and appropriate. The decedent's beneficiaries sustained severe emotional injuries and seek damages pursuant to Portee v. Jaffee as a result of the negligence of the defendants.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff, Estate of Bernice Goldberg, designates Reynolds and Horn, P.C. as trial counsel in the above captioned matter.

4

## JURY TRIAL DEMAND

The undersigned, attorney for the Plaintiffs, hereby demands Trial by Jury as to all issues in this matter.

Reynolds & Horn, P.C.

BY: _____
Steven M. Horn, Esquire

Dated: 8/9/2013